## BALLARD et al. *v.* WALL.

*A note made payable in " Mississippi currency," will be taken to mean the lawful currency of the State, that is, gold and silver, in the absence of other proof that it was intended to be payable in the notes of the banks of that State.*

APPEAL from the District Court of Madison, *Curry, J. Amonett*, for the plaintiffs. *A. Pierse*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendant is sued as the maker of a promissory note, payable in " Mississippi currency." He pleads in defence the prescription of five years. The note became due on the 1st. of Nov., 1839, and citation was served in this suit on the 9th of October, 1845, more than five years after the maturity of the note. The prescription pleaded would have accrued, had it not been interrupted by the acknowledgments of the defendant. A witness, to whom the note was

entrusted for collection, says that, several times within the four years last preceding the commencement of the suit, the defendant recognized the debt and promised to pay it, and, at one of the interviews, offered to secure its payment by a mortgage.

It is contended in this court, that the plaintiffs can only exact payment in the bills of banks of the State of Mississippi, and that these were, at the maturity of the note, at a discount of from twenty to thirty per cent. No such plea is set up in the answer, nor is there any evidence in the record to show that such was the intention of the parties in using the words "Mississippi currency." In the absence of such proof, the terms must be understood to mean the lawful currency of the State, that which would constitute a legal tender, to wit, gold and silver, But giving to the terms used the interpretation most favorable to the defendant, that bank bills current in Mississippi were to be received in payment, still his defence would not avail him under the evidence. It is in proof that no bank bills have been current in that State since 1840, and that officers were forbidden from receiving depreciated Mississippi money, unless specially instructed.

<em>Judgment affirmed.</em>